IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In the Matter of the Detention of    )
                                     )     No. 71057-5-I
SHELDON MARTIN,                      )
                                     )     DIVISION ONE
          Appellant.                 )
                                     )     UNPUBLISHED OPINION
                                     )
                                     )     FILED: March 31, 2014

GROSSE, J. — Absent stipulation of both parties, polygraph examinations are generally inadmissible. Here, prior to a trial on whether the defendant should be committed as a sexually violent predator, the defendant moved to admit the results of a polygraph examination that his expert relied on in forming his opinion that the defendant was not a pedophile. The trial court noted the unreliability of polygraph examinations and that the evidence was being introduced to prove the truth of the statements, thereby invading the province of the jury. In finding the evidence inadmissible, the trial court properly balanced the relevancy of the evidence against its potentially prejudicial effect under ER 403. The trial court did not abuse its discretion in denying the defendant's motion.

FACTS

Sheldon Martin suffered abuse as a child. Martin admitted in his deposition that he sexually offended against a 4-year-old girl when he was 10 years old.[1] At that time he was on release from Echo Glen and visiting his mother and sister.

---

[1] The parties stipulated that the videotaped deposition transcript was played to the jury and was the official record of the testimony.

Martin testified that in 1976 he again fondled a 4- or 5-year-old boy. This occurred when Martin was 16 years old and after Martin had received treatment at the Morrison Center in Portland, Oregon. Martin coaxed the child into the garage and performed oral sex on him. Martin was arrested and sent to a juvenile facility.

Martin masturbated to thoughts of children during the 1980s when he was in his twenties. In 1991, Martin was arrested and pleaded guilty to indecent exposure for an incident at a Fred Meyer store in Vancouver, Washington where he had followed a woman into the bathroom and began masturbating with one hand while he grabbed the woman on her ankle. While awaiting the charges that he eventually pleaded guilty to, Martin again went to a Fred Meyer store, this time in Portland, intending to commit a sexual offense. Martin searched for approximately 20 minutes until he spotted a girl who was approximately 3 years old. Martin decided to kidnap and molest the child. Martin took the child by the hand, leading her toward the exit near where he had parked. He was stopped by security when the child began screaming and crying. Martin pleaded guilty to second degree kidnapping and first degree attempted sexual abuse. Martin testified that he would "always suffer from pedophilia."

Dr. Amy Phenix, a clinical psychologist, evaluated Martin in 2003. Phenix interviewed Martin and reviewed all the available records. Phenix concluded that Martin suffered from the mental abnormalities of pedophilia; that he was sexually attracted to males and females, nonexclusively; that he also suffered from alcohol and marijuana dependence; and finally, determined that Martin met the criteria for sexually violent predator (SVP) commitment.

Dr. James Manley testified on Martin's behalf. Manley diagnosed Martin with voyeurism, antisocial personality disorder, and marijuana and alcohol dependence. Manley disagreed with Phenix that Martin suffered from pedophilia. Manley based this opinion in part on Martin's denial that he was currently masturbating while thinking about children.

The defense sought permission for Dr. Manley to testify regarding favorable responses that Martin made while he was taking a second polygraph. Martin's first polygraph was inconclusive. The trial court rejected Martin's argument that the evidence was admissible under ER 703.[2] Although the court acknowledged that under ER 703 an expert's opinion can be based on inadmissible evidence, it also recognized that ER 703 did not give an expert "carte blanche" to relate all the inadmissible evidence in order to explain his or her opinion. The trial court ruled the polygraph results inadmissible. Martin appeals.

ANALYSIS

To uphold a commitment of an individual as an SVP on appeal, the reviewing court must find that the jury had sufficient evidence to find the following elements beyond a reasonable doubt:

(1) That the respondent had been convicted of or charged with a crime of sexual violence; and
(2) That the respondent suffers from a mental abnormality or personality disorder; and

---

[2] ER 703 provides:
The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

3

(3) That such mental abnormality or personality disorder makes the respondent likely to engage in predatory acts of sexual violence if not confined in a secure facility.[3]

Here, the evidence establishes that Martin had a prior conviction that qualifies under the statute. And the evidence presented by the State supported a finding that Martin suffered from mental abnormality and that he was likely to engage in predatory acts if not confined.

At issue in the case was whether Martin suffered from pedophilia. The State's expert testified that he did, while Martin's expert disputed the diagnosis. This was an issue of credibility for the jury.

Martin argued that he should be permitted to introduce polygraph evidence that showed that his responses to two questions during a polygraph examination indicated that he did not have fantasies about children while masturbating. The trial court excluded the evidence under ER 403 because the prejudicial effect outweighed its probative value.

ER 403 provides in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." This court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard.[4]

Evidence from a polygraph is inadmissible because of the "inherent problems" and unique difficulties posed by polygraph examinations which the courts have consistently recognized as unreliable and, unless stipulated to by all

---

[3] In re Audett, 158 Wn.2d 712, 727, 147 P.3d 982 (2006).
[4] In re Det. of West, 171 Wn.2d 383, 396-97, 256 P.3d 302 (2011).

parties, inadmissible.[5] In particular circumstances, the fact that a polygraph was given may be relevant and admissible for purposes other than establishing the truth or falsity of a disputed fact.[6] Here, as the trial court noted, the purpose of admitting the polygraph was to assert the truth of the matter. This would invade the province of the jury to decide Martin's credibility.[7] The trial court properly exercised its discretion in finding the probative value of the evidence was outweighed by unfair prejudice:

> So my ruling is that if the doctors in this case want to come in and say that they're basing their opinion in part on Mr. Martin's statements or any other witness' statements and that in forming their opinions they assume that those statements were accurate or inaccurate for the purposes of their opinion, then they can do that, but they cannot say: And a machine told me he either was lying or wasn't telling the truth. Because that's not permissible and the jury will take that evidence and do thing [sic] with it other than assess the doctor's opinion. It's under a [ER] 403 analysis, even if he says that the basis for my opinion or she says that's the basis for my opinion, the jury will not use it in this court's opinion exclusively to evaluate the opinion. They'll use it to say, well, the person was telling the truth or lying.
> And in this case the defense -- the respondent wants to bring it in to show that he's telling the truth.

Moreover, polygraph examinations have been excluded under ER 702 as well as ER 403.[8]

Martin argues that he was not seeking to admit the evidence for its truth but rather as the basis for Dr. Manley's opinion under ER 703. Martin contends

---

[5] In re Det. of Hawkins, 169 Wn.2d 796, 802-03, 238 P.3d 1175 (2010).

[6] State v. Reay, 61 Wn. App. 141, 148, 810 P.3d 512 (1991) (admission of polygraph permitted to demonstrate the thoroughness of government officials in determining cause of death).

[7] United States v. Scheffer, 523 U.S. 303, 313, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998) ("By its very nature, polygraph evidence may diminish the jury's role in making credibility determinations.").

[8] Anderson v. Akzo Nobel Coatings, Inc., 172 Wn.2d 593, 606-07 n.4, 260 P.3d 857 (2011).

that a polygraph is similar to penile plethysmograph results which are admissible in Washington under ER 703 and 705. But as the United States Supreme Court noted in United States v. Scheffer, "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques."[9] In Scheffer, the defendant sought to introduce evidence of a favorable polygraph examination to show that he did not knowingly take drugs. The military court ruled that the polygraph evidence was inadmissible under the military rules of evidence. Because of the inherent unreliability of the polygraph evidence, the court held that the per se exclusion of polygraph evidence was not a constitutional violation. Likewise, Martin's argument, that the exclusion of the polygraph evidence here implicated his due process rights, fails. "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions," such as those contained in evidentiary and procedural rules.[10] Federal courts have upheld the exclusion of polygraph results under Federal Rules of Evidence (Fed. R. Evid.) 403.[11] In Kwong, the court found that the polygraph evidence would not assist the jury and further that the ambiguity of the questions asked might mislead and confuse the jury.[12] Even if polygraph evidence is found to meet the requirements of Fed. R. Evid. 702, federal courts have held that the results of a polygraph may be withheld under Fed. R. Evid. 403 "if it finds that the probative

---

[9] 523 U.S. 303, 309, 118 S. Ct 1261, 140 L. Ed. 2d 413 (1998).
[10] Scheffer, 523 U.S. at 308.
[11] United States v. Kwong, 69 F.3d 663, 668 (2d Cir.1995).
[12] 69 F.3d at 668.

value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[13]

The trial court properly balanced the relevancy of the evidence against its potentially prejudicial effect under ER 403. There was no abuse of discretion and the trial court's evidentiary ruling did not deny Martin due process.

Affirmed.

_____
Grosse, J.

WE CONCUR:

_____            _____
Dwyer, J.                                               Cox, J.

---

[13] United States v. Cordoba, 194 F.3d 1053, 1063 (9th Cir. 1999) (internal quotation marks and citations omitted).

7